Filed 7/17/14  P. v. Ysaguirre CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EUSEBIO YSAGUIRRE, JR.,<br><br>Defendant and Appellant. | B254419<br><br>(Los Angeles County<br>Super. Ct. No. VA131973) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter Paul Espinoza, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Eusebio Ysaguirre, Jr., appeals from the judgment entered following his plea of no contest to making criminal threats (Pen. Code, § 422, subd. (a))[1] and his admission he previously had suffered a conviction for the serious felony of robbery (§ 211) within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and section 667, subdivision (a). The trial court sentenced Ysaguirre to seven years eight months in state prison. We affirm.

**BACKGROUND**

At proceedings held on November 4, 2013, the prosecutor addressed Ysaguirre and informed him he had been charged in count 2 of a felony complaint filed September 24, 2013 with the crime of "criminal threats, in violation of . . . section 422[,] sub[division] (a), a felony."[2] The prosecutor continued: "There is also a strike alleged. Plus there is a five-year prior alleged, making the total on what you're admitting and pleading to a maximum of 11 years in state prison." The prosecutor then indicated Ysaguirre's counsel had informed her Ysaguirre wished to "plead guilty for the low term doubled, because of the strike, for 32 months, plus five years for the five-year prior, making [Ysaguirre's] term seven years, eight months in . . . state prison." Ysaguirre personally indicated that was his understanding of the agreement.

After indicating he understood his constitutional rights and the consequences of his plea, Ysaguirre indicated he was freely waiving his rights and taking responsibility for the consequences, then pled "[n]o contest" to count 2, making criminal threats in violation of section 422, subdivision (a), a felony. Ysaguirre then admitted, for purposes of the Three Strikes law and the "five-year prior" alleged pursuant to section 667, subdivision (a)(1), he had been convicted of robbery in violation of section 211 on February 24, 2004.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Ysaguirre apparently entered his plea at the same proceedings as a codefendant, Jeffrey Garcia. Garcia pled no contest to second degree commercial burglary in violation of section 459 and admitted previously having committed a "strike."

2

After Ysaguirre's counsel "join[ed] in the waivers, concur[red] with the plea, and stipulate[d] to a factual basis [for the plea] based on the police reports," the trial court found Ysaguirre had made "knowing and intelligent" waivers. The court accepted the plea and admission, found Ysaguirre guilty of making criminal threats and determined the "allegation[] of [a] prior conviction[] to be true." After dismissing two pending misdemeanors, both of which had been for being under the influence of opiates, the trial court set sentencing in the present matter for December 18, 2013.

At the December 18, 2013 sentencing proceedings, the trial court denied a grant of probation. The court sentenced Ysaguirre to state prison for the low term of 16 months for his conviction of making criminal threats, then doubled the term to 32 months pursuant to the Three Strikes law, after which it "add[ed] a five-year prior that [Ysaguirre had] admitted to . . . for a total commitment of seven years and eight months." The trial court granted Ysaguirre presentence custody credit for 91 days actually served and 91 days of good time/work time, then imposed a $280 restitution fine (§ 1202.4, subd. (b)), a suspended $280 parole revocation restitution fine (§ 1202.45), a $40 court security fee (§ 1465.8), and a $30 court operations assessment (Gov. Code, § 70373).

Ysaguirre filed a timely notice of appeal on February 14, 2014. His request for a certificate of probable cause was denied. After Ysaguirre's appellate counsel forwarded to this court a copy of the request for the certificate of probable cause and supporting documents apparently sent to her by Ysaguirre, on April 28, 2014 the Administrative Presiding Justice of this court issued an order stating: "This appeal is limited to non-certificate issues."

## CONTENTIONS

After examination of the record, counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed May 12, 2014, the clerk of this court advised Ysaguirre to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

3

**REVIEW ON APPEAL**

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KITCHING, J.


We concur:


KLEIN, P. J.


ALDRICH, J.


4